**RELIEF REQUESTED**
**WITHOUT A HEARING**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KEVIN J. MATTSON, | ) | Chapter 7 |
| | ) | Case No. 24-20188 PGC |
| Debtor. | ) | |
| ________________________________ | ) | |
| EDMOND J. FORD, ESQ., TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 26-2020 |
| v. | ) | |
| | ) | |
| SEVERIN M. BELIVEAU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO ENLARGE DEADLINE TO FILE RESPONSE TO ADVERSARY PROCEEDING COMPLAINT**

NOW COME Defendants, Severin M. Beliveau, Esq. ("Beliveau") and Cynthia Murray-Beliveau (together, "Defendants"), pursuant to Federal Rules of Bankruptcy Procedure 7012 and 9006(b)(1)(A) and D. Me. LBR 9006-1(a) and 9013-3(d), and move for an enlargement of their current deadline of October 26, 2026 to file a responsive pleading or motion to the Complaint, dated September 23, 2026 ("Complaint") (Adv. Proc. D.E. 1), of Plaintiff/Chapter 7 Trustee, Edmond J. Ford, Esq. ("Trustee"), in this Adversary Proceeding, until the date that is 21-calendar days after the Court issues an order on Beliveau's pending Motion for Removal of Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 105 and 324, and Request for Expedited Determination, dated September 29, 2026 (D.E. 414) ("Motion for Removal"), scheduled for hearing on October 27, 2026.

In support their Motion, Defendants state as follows.

1. On September 23, 2026, the Trustee commenced the above-captioned Adversary Proceeding against Beliveaus (and others) by the filing of the Complaint.

2. On September 24, 2026, the Clerk issued a Summons and Notice of Pretrial Conference in an Adversary Proceeding for Defendants in this Adversary Proceeding ("Summons") (Adv. Proc. D.E. 2). Pursuant to the Summons, the current deadline for Defendants to file a responsive pleading or motion to the Complaint is October 26, 2026. *See also* Federal Rule of Bankruptcy Procedure 7012.

3. On September 29, 2026, Beliveau filed in Debtor's underlying Chapter 7 case the Motion for Removal. A hearing is scheduled on the motion for October 27, 2026.

4. Federal Rule of Bankruptcy Procedure 9006(b) provides, in part, as follows:

> (b) Extending Time.
>
> (1) *In General.* This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. Except as provided in (2) and (3), the court may – at any time and for cause – extend the time to act if:
>
> (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires;….

5. In the event that the Motion for Removal is granted, then a successor Chapter 7 trustee will be appointed and that individual will be in the position to decide whether this Adversary Proceeding should proceed any further or, alternatively, that it should be dismissed under Federal Rule of Civil Procedure 7041 and Federal Rule of Civil Procedure 41 without the necessity of any further filings or litigation.

6. Conversely, if the Motion for Removal is denied, then Defendants will require sufficient time to prepare and file a motion to dismiss the Complaint pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6), as the Complaint has

at least two obvious legal impediments that render most, if not all, the Trustee's claims legally nonviable.

7. Based upon the foregoing, Defendants request that their current deadline of October 26, 2026 to file a responsive pleading or motion to the Complaint be enlarged to the date that is 21-calendar days after the Court issues an order on Beliveau's pending Motion for Removal.

8. By enlarging Defendants' current response deadline, both the potential successor Chapter 7 trustee or Defendants, shall have sufficient time to assess the status of this Adversary Proceeding, whether it should proceed further or not, and/or to prepare all necessary filings in the case in the event it does go forward.

9. Under the circumstances, Defendants assert that cause exists for the requested enlargement of response deadline.

10. This is Defendants' first request for an enlargement of the response deadline.

11. After consultation, the Trustee does not agree to the requested enlargement. *See* D. Me. LBR 9006-1(a)(3) and 9013-3.

WHEREFORE, Defendants, Severin M. Beliveau, Esq. and Cynthia Murray-Beliveau, request that the Court grant them an enlargement of their current deadline of October 26, 2026 to file a responsive pleading or motion to the Complaint until the date that is 21-calendar days after the Court issues an order on Beliveau's pending Motion for Removal, and that it grant them such other and further relief as is just and appropriate under the circumstances.

Dated: October 20, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Defendants,
Severin M. Beliveau, Esq. and
Cynthia Murray-Beliveau

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com

**CERTIFICATE OF SERVICE**

I, Randy J. Creswell, Esq., hereby certify that I have served on this day copies of the above Motion to Enlarge, proposed Order, and this Certificate of Service upon each of the parties listed on the Notice of Electronic Filing via the Court's Administrative Procedures Governing the Filing and Service by Electronic Means (unless otherwise set forth below).

Dated: October 20, 2026

/s/ Randy J. Creswell
Randy J. Creswell, Esq.
Counsel for Defendants,
Severin M. Beliveau, Esq. and
Cynthia Murray-Beliveau

CRESWELLLAW
PO Box 7340
Portland, ME 04112
207.358.1010
rcreswell@creswelllaw.com